UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JULIET HADALIT RUIZ CONTRERAS,

Petitioner,

v.

WARDEN, BLUEBONNET DETENTION FACILITY,

Respondent.

No. 1:26-CV-00212-H

**ORDER**

Petitioner Juliet Hadalit Ruiz Contreras, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention in the Bluebonnet Detention Facility pending removal proceedings. Dkt. No. 1. She seeks release from detention or an individualized bond hearing.

Respondent filed a response along with relevant records, urging the Court to deny the petition. Dkt. Nos. 9, 11. More recently, Respondent filed a supplemental notice and suggestion of mootness. Dkt. No. 13. Respondent explains that Petitioner filed her petition while her removal proceedings were still in progress, and she was then lawfully detained as an applicant for admission under 8 U.S.C. § 1225. But in the meantime, her immigration proceedings concluded, and she is now subject to an administratively final order of removal. As a result, Petitioner's detention is now authorized by Section 1231 and within the reasonable post-removal order period. Thus, Respondent argues that Petitioner's challenge to her mandatory detention under Section 1225 is moot. Additionally, Respondent asserts that it anticipates that Petitioner will soon be removed to Venezuela in accordance with the

final order of removal. Petitioner did not reply to the supplemental notice and suggestion of mootness.

Based upon the information set forth in Respondent's supplemental notice and supported by the attached records, the Court finds that Petitioner's challenge to her mandatory detention under Section 1225 is moot. And because her post-removal-order detention is still well within the presumptively reasonable six-month detention period, any challenge to his present detention is premature. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Additionally, the Court has reviewed the ICE online detainee locator and takes judicial notice of the fact that, as of today, Petitioner is no longer in ICE custody.[1]

Thus, the petition for writ of habeas corpus is dismissed for lack of jurisdiction as moot.

So ordered.

The Court will enter judgment accordingly.

Dated September 28, 2026.

JAMES WESLEY HENDRIX
United States District Judge

[1] *See* http:// https://locator.ice.gov/odls/#/search (last visited Sept. 25, 2026).